## No. 10,232.

### WEIR, ET AL. v. WELCH.

Decided July 3, 1922.

On motion to vacate order assessing damages.

*Motion Denied.*

1.  SUPREME COURT—*Jurisdiction.* Where, in accordance with the provisions of section 6, chapter 6, S. L. 1911, a stay is granted by the Supreme Court on the essential condition of payment of any damages suffered by the defendant in error thereby, the court has power to assess the damages occasioned by the stay and to enter an order for the payment thereof.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, for plaintiffs in error.

Mr. KENT S. WHITFORD, Mr. HARRY C. DAVIS, Mr. STANLEY T. WALLBANK, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was defeated in a suit against him in forcible detainer, and brought the cause here on error. He applied for a supersedeas and a stay of execution. We granted the stay upon condition that plaintiff in error give a bond to pay all damages, resulting from such stay, which might be awarded by this court. Later supersedeas was denied and the judgment affirmed. A referee was appointed to report on the damages to defendant in error by reason of being kept out of possession of the property in question. The parties appeared by counsel, and evidence as to the rental value of the premises was taken, on which the referee found that the damages were $162.50.

This finding was adopted by this court, and an order en-

tered that the plaintiff in error pay to defendant in error said sum of $162.50, and $38 costs. He moves to vacate the order on the ground that this court had no jurisdiction to enter it.

The assumption is that the court's order is the result of an action on the bond. Such is not the case.

The stay was granted "on terms," in accordance with the provisions of section 6 of chapter 6, Laws of 1911, the essential condition being the payment of damages suffered by the defendant in error because of being deprived of possession of his property.

Counsel for plaintiff in error concedes that the bond was required under the law above mentioned, being given in compliance with the "terms" named in the order.

This court has power to use such writs or proceedings as are necessary to the suitable exercise of the jurisdiction conferred upon it. *Wheeler v. N. C. Irr. Co.,* 9 Colo. 248, 11 Pac. 103. We must not, therefore, be considered as basing this proceeding wholly on the statute above cited.

Plaintiff in error obtained an obvious benefit by the stay of execution, and it ill becomes him now to attempt to escape compliance with the condition upon which that benefit was secured.

The question of a counterclaim on the part of plaintiff in error was rightly refused consideration by the referee.

The motion to vacate the order is denied.

MR. JUSTICE DENISON not participating.