No. 14,632.

Cline et al. *v.* Heron.
(104 P. [2d] 462)

Decided June 24, 1940.

Mr. Chas. E. Friend, for plaintiffs in error.

Mr. Nicholas Lakusta, Mr. Forrest C. Northcutt, for defendant in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This cause is before us on writ of error to review a judgment of the district court of the City and County

of Denver against the principal and sureties, obligors on a certain supersedeas bond, for damages in the sum of $3,595, in favor of the obligee for detaining from him possession of a house and 4300 acres of wheat land from January 22, 1938, to December 5, 1938, to which the obligee was entitled by a judgment of the district court, the execution of which was stayed by supersedeas for the above period of time while the cause was here pending on review. The judgment of the district court in the original case was ultimately affirmed.

The case in which the supersedeas bond was given is *Cline v. Estate of Heron,* 103 Colo. 188, 84 P. (2d) 833, and was an action by Cline for specific performance of an option contained in a lease which Cline held from Heron on the above mentioned property. In the district court Heron prevailed, and judgment was entered in her favor for possession of the property and for $3,200 damages for wrongful detention of the possession of the property from the date of the expiration of the lease, August 15, 1937, to January 22, 1938, the date on which judgment was rendered. During that period Cline had planted a crop of wheat which would mature during the summer of 1938. The district court appointed a receiver to harvest the crop and to impound the proceeds, which appointment, on application for a review by this court, was set aside. *Cline v. Estate of Heron,* 103 Colo. 197, 84 P. (2d) 836. March 9, 1938, pursuant to our previous order granting a supersedeas in the specific performance case upon condition that a bond be given in the sum of $4,500, Cline entered into such a bond with two sureties conditioned as required by section 428 of the Code which was approved. That part thereof necessary to an understanding of the issues here involved reads as follows: "Now, Therefore, if the said John R. Cline shall duly prosecute said writ of error with effect and without delay, and moreover pay the amount of said judgment, interest and costs, and as well, any damages which may be awarded by said Supreme Court in consequence of

the delay occasioned by said writ of error, and also any judgment rendered and to be rendered against the said John R.. Cline, within thirty days after the filing in said District Court, of a remittitur from said Supreme Court, in case the said judgment shall be affirmed in whole or in part by said Supreme Court or said writ of error be dismissed for any reason, then the above obligation to be null and void, otherwise to remain in full force and virtue, and judgment shall be entered in said District Court against the sureties hereon, in favor of said Estate of John H. Heron deceased and Mary E. Heron, Executrix thereof as in such cases made and provided by law."

The judgment of the district court was affirmed December 5, 1938, and on that date Cline surrendered possession of the property. December 28, 1938, the judgment of $3,200 interest and costs was paid. On December 15, 1938, Heron had moved the district court to determine and assess the damages sustained by her by virtue of the detention by Cline of the possession of the property while the matter was pending for determination on writ of error from this court. Cline was served with a copy of the motion and appeared. He attacked the motion or petition by motions to separately state and number alleged separate causes of action, and demurred to it on the grounds of lack of jurisdiction, misjoinder, and for want of facts. The motions and demurrer were overruled and Cline answered alleging the surrender of possession by him on December 5, 1938, and that on December 28, 1938, *"plaintiff and his sureties* on said supersedeas bond did pay into the registry of this court [the district court], the full amount of the judgment," etc. Heron by replication denied this allegation, but admitted payment of the judgment on December 28, 1938. The record does not disclose whether payment was in fact made by Cline or by his sureties. Cline filed a counterclaim for the value of a crop of wheat planted on the place while the cause was pending on writ of error. He demanded a trial by jury, which was

denied, and the court proceeded with the hearing and assessed Heron's damage in the amount of $3,595.

On February 20, 1939, after the issues were made up, a notice of the pendency of the proceedings, signed by Heron's attorneys, was served on the sureties. They did not enter their appearance until after the judgment was pronounced, when, on behalf of Cline and the sureties, the attorney for Cline asked for a stay of execution and time within which to prepare and tender a bill of exceptions, which was granted. Two days after the judgment was entered Cline and the sureties asked for a modification of the judgment, alleging that they had paid the judgment entered by the district court in the case and that their liability should be limited to the difference between $4,500 and the amount they had paid. This application was denied. Judgment was entered against Cline and the sureties, all of whom appear here seeking a reversal of the judgment.

The assigned errors are numerous, but we need notice only one, namely, that the district court was without jurisdiction to award damages.

The case of *Weir v. Welch,* 71 Colo. 568, 208 Pac. 452, differs in no essential respect from the case at bar. The bond there involved was given for a stay of execution conditioned "that plaintiff in error give a bond to pay all damages, resulting from such stay, which might be awarded by this [supreme] court." The parallel provision of the bond here involved required plaintiff in error and his sureties to "pay the amount of said judgment, interest and costs, and as well, any damages which may be awarded by said Supreme Court in consequence of the delay occasioned by said writ of error." In the Weir case a motion or petition to assess damages was filed in this court, a referee was appointed and on his report damages were assessed and judgment entered against the principal, the plaintiff in error, and his surety. We think the procedure there should have been followed in this case.

Holding as we do that the district court was without jurisdiction, it would not be proper to prejudge the question and finally determine whether Heron is entitled to relief in damages. We are of the opinion, however, that if she is entitled to such relief against the principal, for which the sureties on the bond may be held, she must proceed in this court. The sureties' liability rests upon the bond, and the bond is conditioned that they will pay such damages as this court may assess for the delay. No application has been made here for such relief.

Judgment reversed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE OTTO BOCK not participating.