# January Term, 1942

## No. 14,312.

CLINE *v.* ESTATE OF HERON ET AL.

(121 P. [2d] 659)

Decided January 12, 1942.

Mr. CHARLES E. FRIEND, for plaintiff in error.

Mr. NICHOLAS LAKUSTA, Mr. FORREST C. NORTHCUTT, for defendants in error.

PER CURIAM.

FOLLOWING the opinion in *Cline v. Estate of Heron,* 103 Colo. 188, 84 P. (2d) 833, affirming the judgment of the district court, defendant in error Heron, brought suit in the district court on the supersedeas bond for damages sustained by him and judgment was rendered in his favor.

On review of this latter judgment we held (106 Colo. 308, 104 P. [2d] 462), that the proper procedure was to apply directly to the Supreme Court for an assessment of such damages. This procedure not having been followed, the judgment of the district court was reversed. Application then was made in accordance with the procedure which we, in our opinion, designated as proper. A referee was appointed to take testimony, make findings as to the damages sustained by defendant in error, and report the same to the court. The report of the referee having been duly filed, objections were made to his findings, briefs were submitted by both parties and the matter was orally argued to the court. Upon a consideration of the matter and the arguments presented, we are of the opinion that the objections are without merit. The report of the referee is approved, and the following findings and judgment are made and entered:

Now on this 12th day of January, 1942, this matter coming on for hearing on the objections to the report of the referee, herein and on the petition of Mary E. Heron, to be substituted as party defendant in error, the court having considered the briefs and arguments submitted herein and being fully advised in the premises, finds and concludes that the report of the referee Benjamin E. Sweet, Esquire, herein filed should be adopted as the findings and conclusions of this court.

Now, therefore, it is ordered, adjudged and decreed that the objections to the referee's report herein filed by John Cline, principal, W. L. Cline, and Herman Flader, sureties, be and they are hereby overruled, and the findings and conclusions of the referee be and they hereby are approved and adopted as the findings of fact and conclusions of law of the court.

It is further ordered, adjudged and decreed that:

1. Mary E. Heron is the real party in interest herein and that she is hereby substituted as defendant in error.

2. That the defendant in error, Mary E. Heron, have and recover of and from the plaintiff in error, John R.

Cline and his sureties W. L. Cline and Herman Flader, judgment in the sum of four thousand two hundred dollars, ($4,200.00) together with costs to be taxed, for which let execution issue.

3. Benjamin E. Sweet, Esquire, be and he is allowed compensation for services herein rendered as referee in the sum of two hundred fifty dollars ($250.00), said amount to be taxed as costs against the plaintiff in error.

MR. JUSTICE BURKE and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE OTTO BOCK and MR. JUSTICE JACKSON did not participate.

Mr. Justice Hilliard's views are as follows, with a part of which Mr. Justice Burke is in accord, as indicated:

I did not participate in the opinion (*Cline v. Heron,* 106 Colo. 308, 104 P. [2d] 462), in which we announced, in effect, that this court, rather than the district court, had sole jurisdiction to try the issues involved, and doubt the propriety of the present proceeding in this forum. We do not have trial facilities, and in arriving at judgment necessarily have "cut the corners short," and foreclosed dispassionate review, a function peculiarly ours. It follows that I protest our action generally.

Judgment against W. L. Cline and Herman Flader is based on their liability as sureties on a bond in the penal sum of $4,500, given by John R. Cline in an earlier judgment against him in the sum of $3,200, damages and costs, in this same controversy. On affirmance of that judgment at our hands, it was paid in the sum of $3,425.20, including interest and costs. I cannot conceive that the sureties may in any event be held beyond the difference between the penalty under the bond, $4,500, and the $3,425.20, already paid toward the discharge of their undertaken obligation. The code section to which reference is made in *Cline v. Heron, supra,* expressly

provides that judgment against sureties shall not exceed "the amount of such bond." To the extent the judgment here against the sureties exceeds the sum indicated, I dissent; and on this point only Mr. Justice Burke concurs.